UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Debby Brennan,

Plaintiff,

ORDER

vs.

Lynn M. Dingle,

Defendant.

Civ. No. 00-2307 (DSD/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 7th day of November, 2000.

* * *

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A), upon an initial screening of the Plaintiff's Complaint, pursuant to Title 28 U.S.C. §1915A, and the Plaintiff's Application to Proceed <u>in forma pauperis</u>. For these purposes, the Plaintiff appears <u>pro se</u> and, because process has yet to be served, no appearance has been made by, or on behalf of, the Defendants.

As a part of that application, the Plaintiff has submitted an incomplete "Application to Proceed Without Prepayment of Fees and Affidavit" form. In this form, the Plaintiff avers that she is currently incarcerated. However, prison officials, at the Minne-

FILED NOV 09 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

sota Correctional Facility, in Shakopee, Minnesota, have failed to complete the prison trust account statement segment of the form.[1]

As a prison inmate, the Plaintiff is ineligible to obtain full relief from the filing fee in this action. See, Title 28 U.S.C. §1915(b)(2). According to Section 1915(b), "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." As our Court of Appeals has recently explained:

> Even though seeking IFP status, the prisoner is required to pay the full amount of the fee. The court assesses and, when funds exist, collects as partial payment of the court fees required by law, an initial partial filing fee of 20% of the greater of: (a) the average monthly deposits to the prisoner's account; or (b) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
>
> * * *
>
> After paying the initial filing fee, the prisoner must make monthly payments equal to 20% of the preceding month's income credited to his prison account. 28 U.S.C.A. §1915(b)(2). So long as the prisoner's account ex-

[1]According to the Plaintiff, written requests to prison officials, to complete the prison account statement portion of the Plaintiff's "Application to Proceed Without Prepayment of Fees and Affidavit" form, have been ignored. While we have no evidence to support this assertion, we are confident that once submitted, prison officials will fulfill their obligation to provide the information that is necessary for the Plaintiff to submit a completed form.

> ceeds $10, prison officials are given authority to take the 20 percent. These payments are sent to the clerk of the court. The payments are deducted from the accounts until the full filing fee has been paid.

Murray v. Dosal, 150 F.3d 814, 817 (8th Cir. 1998), cert. denied, 119 S.Ct. 1467 (1999) .

Here, the Plaintiff has failed to supply a complete prison trust account statement. Once completed, this section will detail the amount of money currently maintained in the Plaintiff's prison trust account, and will also detail the average monthly deposit amount, and the average monthly balance, of the Plaintiff's account, during the previous six month period. As such, because the Plaintiff's Application to Proceed Without Prepayment of Fees form is incomplete, we are unable to determine the amount of the Plaintiff's initial payment towards her filing fee.

NOW, THEREFORE, It is --

ORDERED:

1. That the Clerk of Court shall return to the Plaintiff a blank copy of the Clerk's "Application to Proceed Without Prepayment of Fees and Affidavit" form.

2. That should the Plaintiff wish to pursue this action, then, **by no later than twenty days from the date of this Order**, she is to submit a complete copy of the "Application to Proceed Without Prepayment of Fees and Affidavit" form.

3. That, should the Plaintiff fail to comply with any of these directives, including the time limitation noted, the Court shall issue a Recommendation that her application for in forma pauperis status [Docket No. 2] be denied, without prejudice.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE