UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Debby Brennan,

Plaintiff,

vs.

ORDER
and
REPORT AND RECOMMENDATION

Lynn M. Dingle,

Defendant. Civ. No. 00-2307 (DSD/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 2nd day of April, 2001.

## I. Introduction

This matter came before the undersigned United States Magistrate Judge, in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A) and (B), upon the Plaintiff's Motion for Injunctive Relief and for an Appointment of Counsel. The Plaintiff appears pro se, and the Defendant appears by David L. Ramp, Assistant Attorney General. For reasons which follow, we deny the Plaintiff's Motion for Appointment of Counsel, and we recommend that her Motion for Injunctive Relief be denied, as moot.

## II. Discussion

In her Complaint, the Plaintiff alleges that she has been denied her constitutional rights while incarcerated at the Minne-

FILED APR - 2 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

sota Correctional Facility in Shakopee, Minnesota ("MCF-Shakopee"). Accordingly, she has commenced this action, pursuant to Title 42 U.S.C. §1983, against the Defendant and, by this Motion, she requests an injunction against MCF-Shakopee,[1] and the appointment of legal counsel. In support of her Motion for an Appointment of Counsel, the Plaintiff stresses that "such a minuscule percentage of actions initiated by female prisoners exist, that the need for assistance by a representative for such a case is most obvious," that she does not possess a legal background, and that she is

---

[1]The Plaintiff filed her Motion for Injunction on November 13, 2000, and specifically stated that she was "seeking injunction against the Minnesota Correctional Facility at Shakopee * * * and it's principal administrator, the defendant, to enjoin them from continuing to violate and stifle the plaintiff's constitutional rights." However, on November 7, 2000, the Plaintiff was transferred to the Topeka Correctional Facility in Topeka, Kansas. See, Affidavit of Michele Kopfmann, at ¶7. Therefore, according to our Court of Appeals, her request for injunctive relief is rendered moot. See, Smith v. Hundley, 190 F.3d 852, 855 (8th Cir. 1999), citing Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ("[A]n inmate's claims for declaratory and injunctive relief to improve prison conditions were moot when he was transferred to another facility and was no longer subject to those conditions."); see also, Hickman v. Missouri, 144 F.3d 1141, 1142 (8th Cir. 1998). We do note that the Plaintiff did request, on January 19, 2001, that the Motion for Injunctive Relief be extended to include the subsequent actions of the Defendant, in which she claims that "agents" of the Defendant are blocking her access to the Courts. She does not elaborate on the allegation at all, however. Moreover, as the Defendant is no longer incarcerated at MCF-Shakopee, she no longer has a need for injunctive relief against MCF-Shakopee. Any complaint she has now would be with the Topeka Correctional Facility. Therefore, we recommend that the Plaintiff's Motion for an Injunction be denied, as moot.

constrained in her ability to litigate this case by the fact that she is incarcerated.

1. Standard of Review. It is well-established that this Court has no authority to compel legal counsel to assume the representation of the Plaintiff, but merely has the discretionary authority to request an attorney to assume such representation. See, Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296 (1989); Scott v. Tyson Foods, Inc., 943 F.2d 17 (8th Cir. 1991). Central to the exercise of such discretion is a determination by the Court "that the Plaintiff as well as the court will benefit from the assistance of counsel." Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1005 (8th Cir. 1984); see also Plummer v. Grimes, 87 F.3d 1032, 1033 (8th Cir. 1996)("A district court is to decide whether the plaintiff and the court will substantially benefit from the appointment of counsel * * *").

In exercising its discretionary authority, the Court must carefully weigh the factual and legal complexities of the case, the capability of the Plaintiff to investigate the facts and to present her claims, and the existence of conflicting evidence. See, McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997); Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996); Plummer v. Grimes, supra; Swope v. Cameron, 73 F.3d 850, 852 (8th Cir. 1996); Edgington v. Missouri

Department of Corrections, 52 F.3d 777, 780 (8th Cir. 1995); Nachtigall v. Class, 48 F.3d 1076, 1081-82 (8th Cir. 1995).

2. Legal Analysis. After reviewing these factors, we find the issues to be quintessentially uncomplicated both in their legal and factual components. Although there may be conflicting evidentiary contentions, their full exploration before the Court will not require the skillful and practiced questioning techniques associated with representation by legal counsel. Undoubtedly, the Plaintiff's lack of legal knowledge will present some disadvantages, in terms of the requisite time and effort that may be attendant to the presentation of her claim, however, upon our review of the numerous submissions which she has submitted to the Court thus far, we are satisfied that she possesses the capacity to develop and articulate the grievances which are presented by her Complaint.

Accordingly, at this preliminary juncture, we deny the Plaintiff's motion for an appointment of counsel but, upon a proper showing, the Plaintiff may subsequently renew the Motion should the circumstances so warrant.

NOW, THEREFORE, It is --

ORDERED:

That the Plaintiff's Motion for an Appointment of Counsel [Docket No. 5] is DENIED.

AND, It is --

RECOMMENDED:

That the Plaintiff's Motion for Injunctive Relief [Docket Nos. 5 and 16] be denied, as moot.

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than April 19, 2001** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than April 19, 2001** unless all interested parties stipulate

that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.