UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Debby Brennan,

Petitioner,

vs. REPORT AND RECOMMENDATION

Lynn Dingle,

Respondent. Civ. No. 00-2307 (DSD/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 21st day of June, 2001.

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Defendant's Motion to for Summary Judgment. The Plaintiff's Complaint, which is premised upon Title 42 U.S.C. §1983, alleges that the Defendant has violated her constitutional rights, by denying her adequate nutrition, and medical care, and by denying her the opportunity to practice her religious beliefs. The Plaintiff has appeared pro se, and the Defendant has appeared by David L. Ramp, Assistant Minnesota Attorney General.

For reasons which follow, we recommend that the Defendant's Motion for Summary Judgment be granted.

FILED JUN 21 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## II. Factual and Procedural History

On October 13, 2000, the Plaintiff filed this Section 1983 claim against the Defendant, who is the Warden at the Minnesota Correctional Facility in Shakopee, Minnesota ("MCF-Shakopee"). The Plaintiff's Complaint seeks injunctive and declaratory relief, as well as monetary damages, on the ground that the Plaintiff has been denied adequate nutritional and medical care, and on the further ground that she has been denied the opportunity to practice her religious beliefs.[1]

Prior to the Plaintiff's placement at MCF-Shakopee, she was an inmate at the Topeka Correctional Facility in Topeka, Kansas ("TCF-Topeka"). While at TCF-Topeka, the Plaintiff filed three separate lawsuits against prison officials, concerning prison conditions. First, on May 7, 1999, the Plaintiff filed a Complaint in the United States District Court for the District of Kansas, see, Affidavit of David L. Ramp; Ex. A, which was dismissed on July 28, 1999, because of the Plaintiff's failure to exhaust her administrative remedies. Id. Approximately one year later, on June 13, 2000, the Plaintiff filed another Complaint in the United States District Court for the District of Kansas. Ramp Aff; Ex. B. This

[1]Following the filing of this Complaint, the Plaintiff was transferred to the Topeka Correctional Facility in Topeka, Kansas. As such, her request for injunctive relief was previously denied, as moot. See, Order dated April 23, 2001.

Complaint was dismissed on November 6, 2000, for the failure to state a claim upon which relief could be granted. Id. Finally, on July 12, 2000, one week before she was transferred to MCF-Shakopee, the Plaintiff filed yet another Complaint in the United States District Court for the District of Kansas. Ramp Aff; Ex. C. This Complaint was also dismissed, on November 6, 2000, for the failure to state a claim upon which relief could be granted. Id.

Following her transfer to MCF-Shakopee, the Plaintiff filed her current Complaint. On December 29, 2000, the Defendant moved for Summary Judgment, contending that the Plaintiff has only sued her, for monetary damages, in her official capacity, thereby rendering the suit barred by the Eleventh Amendment. We agree, and therefore, we recommend that the Defendant's Motion for Summary Judgment be granted.

## III. Discussion

A. Standard of Review. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. For over a century, the Amendment has been understood to stand for the proposition that a non-consenting State is immune from Federal Court suits by its own citizens as well as by citizens of

another State. See, Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996); Hans v. Louisiana, 134 U.S. 1, 13 (1890)(such suits "were not contemplated by the Constitution when establishing the judicial power of the United States"). The Eleventh Amendment immunizes from suit a "state agency or a state official * * * if immunity will 'protect the state treasury from liability that would have had essentially the same practical consequences as a judgment against the State itself.'" Hadley v. North Arkansas Community Technical College, 76 F.3d 1437, 1438 (8th Cir. 1996), quoting Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 123 n. 34 (1984); see also Regents of the University of California v. Doe, 519 U.S. 425 (1997); Edelman v. Jordan, 415 U.S. 651 (1974); Ford Motor Co. v. Department of Treasury, 323 U.S. 459, 464 (1945).

Over the years, the Supreme Court has fashioned a patchwork of exceptions to the Eleventh Amendment's limitation on Federal Court jurisdiction, as initially interpreted in Hans. Under the doctrine of Ex parte Young, 209 U.S. 123 (1908), a Federal Court retains jurisdiction, notwithstanding the Eleventh Amendment, to direct State officials to conform their practices to the requirements of Federal law, even though such an injunction might have collateral effects upon a State Treasury. See, Edelman v. Jordan, supra at 667-68; Milliken v. Bradley, 433 U.S. 267, 289 (1977). But such an exercise of jurisdiction does not extend to the award of retroac-

tive relief, which would require the payment of funds from the State Treasury. Edelman v. Jordan, supra at 667-68. Thus, the Eleventh Amendment bars actions, in Federal Court, which seek monetary damages from individual state officers in their official capacities, because such lawsuits are essentially "for the recovery of money from the state." Ford Motor Co. v. Department of the Treasury, supra at 464; see also, Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)("[N]either a State nor its officials acting in their official capacities are 'persons under §1983'" when sued for damages).

In Pennhurst State Sch. & Hosp. v. Halderman, supra at 106, the Court held that pendent State law claims, for even prospective injunctive relief, were barred by the Eleventh Amendment and, to that extent, the doctrine in Ex parte Young was substantially narrowed. As well, Congress may abrogate a State's Eleventh Amendment immunity, if its intent to do so is "unequivocally express[ed]." Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 238 (1985); Green v. Mansour, 474 U.S. 64, 68 (1985). It is firmly established, however, that Congress did not abrogate the States' Eleventh Amendment immunity through enactment of the Civil Rights Act of 1871. See, Quern v. Jordan, 440 U.S. 332, 338-45 (1979).

B. Legal Analysis. The Defendant contends that Summary Judgment is appropriate because the Plaintiff does not allege, in her

Complaint, that she is suing the Defendant in her individual capacity, and because the remaining requested relief is monetary damages. See, Complaint. As our Court of Appeals has stated, "[i]f a plaintiff's complaint is silent about the capacity in which [she] is suing the defendant, we interpret the complaint as including only official-capacity claims." See, Egerdahl v. Hibbing Comm. College, 72 F.3d 615, 619 (8th Cir. 1995). "Section 1983 litigants wishing to sue government agents in both capacities should simply use the following language: 'Plaintiff sues each and all defendants in both their individual and official capacities.'" Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Such a requirement is necessary in order to put the defendants on notice that they are being sued in their personal capacities. Id.

Nonetheless, "when a complaint is otherwise sufficient to put governmental officials on notice that they are being sued personally, the Eighth Circuit has permitted the plaintiff's individual capacity claims to proceed." See, Helseth v. Burch, 109 F. Supp.2d 1066, 1073 (D. Minn. 2000), citing Jackson v. Crews, 873 F.2d 1105, 1107 (8th Cir. 1989). The Helseth Court then went on to analyze the Complaint, in order to determine whether the Complaint placed the defendants on notice, even though it did not specifically state that they were being sued in their individual capacities. In particular, the Court noted that the plaintiff structured his Com-

plaint in such a way that the "only reasonable interpretation of it is that it asserts claims against Burch in his individual capacity." Id. at 1074. Specifically, the plaintiff separated the claims he had between the individual official, and the municipality, and only claimed punitive damages against the individual official, which was notable because punitive damages cannot be claimed against governmental agencies. Id. at 1073, citing City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981).

Unlike the Complaint in Helseth, however, the Plaintiff's Complaint does not place the Defendant on notice that she is potentially liable in her individual capacity. The Complaint is devoid of specific allegations, as it is primarily comprised of a set of attachments and exhibits, that purportedly provide the basis for the Plaintiff's claims. However, the Complaint specifically notes that "the Defendant * * * is employed as the warden at the Shakopee Unit, 1010 W. 6th, Shakopee, Minnesota." Complaint, at 2. There is absolutely no indication in the Complaint, either specifi-cally or indirectly, that the Defendant could potentially be liable in her personal capacity.

Nor can we assume, based on the Record presented, that the Defendant was placed on notice that she was being sued in her individual capacity, as she did not retain separate counsel to protect her individual interests. See, Lopeq-Buric v. Notch, 2001

WL 395302 at *4 (D. Minn. April 17, 2001). Therefore, we interpret the Complaint to be directed to the Defendant solely in her official capacity. Since the Plaintiff's Motion for Injunctive Relief has been dismissed, the Complaint seeks only monetary damages and, therefore, the remaining claims must be dismissed, as they are barred by the Eleventh Amendment. Accordingly, the Defendants are entitled to Judgment as a matter of law, and we recommend that their Motion for Summary Judgment be granted.[2]

---

[2]Furthermore, a separate basis exists which commends the dismissal of the Plaintiff's Complaint. Specifically, Title 28 U.S.C. §1915(g), which was enacted as a part of the Prison Litigation Reform Act of 1995 ("PLRA"), has limited the Court's authority to grant an applicant's request for pauper standing, where, as here, the applicant has a history of frivolous or abusive filings. Specifically, Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

As such, "section 1915(g), commonly known as the 'three strikes' provision, directs that prisoners who have had three previous civil suits or appeals dismissed as malicious, frivolous, or for failure to state a claim must prepay the entire filing fee * * * unless they are 'under imminent danger of serious physical injury.'" Lyon v. Krol, 127 F.3d 763, 764 (8th Cir. 1997). Moreover, when determining whether a prisoner litigant is subject to the restric-

(continued...)

NOW, THEREFORE, It is --

---

[2](...continued)
tions of Section 1915(g), a Court is to consider actions which have been dismissed as frivolous, as malicious, or as failing to state a claim upon which relief can be granted, both before and after the enactment of the PLRA. See, e.g., Patton v. Jefferson Correctional Center, 136 F.3d 458, 462 (5th Cir. 1988); Tierney v. Kupers, 128 F.3d 1310, 1312 (9th Cir. 1997); Keener v. Pennsylvania Bd. of Probation & Parole, 128 F.3d 143, 144-45 (3rd Cir. 1997); Abdul-Wadood v. Nathan, 91 F.3d 1023, 1025 (7th Cir. 1996); Green v. Nottingham, 90 F.3d 415, 420 (10th Cir. 1996).

As we have already noted, several of the Plaintiff's prior Federal actions have been dismissed for the failure to state a claim upon which relief can be granted. See, Affidavit of David L. Ramp; Exs. B, C. Another of the Plaintiff's prior actions was dismissed for her failure to exhaust available administrative remedies. See, Ramp Aff; Ex. A. "A claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998), citing Wright v. Morris, 111 F.3d 414, 417 (6th Cir. 1997), cert. denied, 522 U.S. 906 (1997) [additional citations omitted]; see also, Porter v. Fox, 99 F.3d 271, 274 (8th Cir. 1996)("prisoner failed to state a claim upon which relief could be granted when he did not allege he exhausted his administrative remedies"); Sharps v. United States Forest Service, 28 F.3d 851, 853 (8th Cir. 1994)("Because Sharps alleged claims * * * for which he failed to exhaust administrative remedies, we hold that the district court did not err in dismissing Sharps's amended complaint [under Rule 12(b)(6) ]."). Moreover, a review of the Plaintiff's present Complaint reveals no suggestion, let alone proof, that the Plaintiff would be "under imminent danger of serious physical injury," in the event that she had been required to pay the full filing fee to commence this action.

Accordingly, we conclude that, pursuant to Section 1915(g), the Plaintiff was not entitled to proceed in this matter on an in forma pauperis basis, and that her Complaint should have been dismissed, but without prejudice to its refiling, upon the Plaintiff's payment of the full filing fee, and her receipt of the District Court's leave to proceed with his present claims.

RECOMMENDED:

That the Defendant's Motion for Summary Judgment [Docket No. 12] be GRANTED.

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than July 9, 2001**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than July 9, 2001**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to

review the transcript in order to resolve all of the objections made.