UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-2307 (DSD/RLE)

Debby Brennan,

Plaintiff,

v.

**ORDER**

Lynn M. Dingle,

Defendant.

This matter is before the court on plaintiff's objection to the report and recommendation of Magistrate Judge Raymond L. Erickson dated April 2, 2001. In that report, the magistrate judge recommended that defendant's motion for summary judgment be granted and plaintiff's civil rights lawsuit be dismissed. In recommending the dismissal of plaintiff's claims, the magistrate judge concluded that plaintiff's failure to sue defendant in her personal capacity precluded her claim for damages.[1] The magistrate judge also determined that pursuant to that portion of the Prison Litigation Reform Act codified at 28 U.S.C. § 1915(g) which prohibits certain prisoners from proceeding in forma pauperis, her case must be dismissed. Plaintiff objects to the dismissal, arguing that the

[1] Plaintiff's request for injunctive relief was dismissed as moot on April 23, 2001, because plaintiff is no longer incarcerated in the facility supervised by defendant. [Docs. Nos. 24, 25.]

FILED 7-30-01
RICHARD D. SLETTEN, CLERK
Judgment Ent'd. ________
Deputy Clerk's Initials ______

plain language of her complaint states that she is suing defendant "in a personal capacity."

The court has reviewed plaintiff's complaint which states that

> [defendant] did violate the plaintiff's constitutional rights knowingly and deliberately, under color of state law, but <u>in a personal capacity</u>, as this was not required protocol. The disciplinary action imposed upon the plaintiff without benefit of due process and the denial of adequate nutrition as a disciplinary sanction, the denial of medical care, the denial of the plaintiff's right to practice her religious beliefs, were indifference, <u>not a part of official duties, but a preference, a personal choice</u>.

(Complaint p. 3.) (emphasis added).

As the magistrate judge notes, "when a complaint is otherwise sufficient to put governmental officials on notice that they are being sued personally, the Eighth Circuit has permitted the plaintiff's individual capacity claims to proceed." <u>Helseth v. Burch</u>, 109 F. Supp. 2d 1066, 1073 (D. Minn. 2000), citing <u>Jackson v. Crews</u>, 873 F.2d 1105, 1107 (8th Cir. 1989). In addition, it is a well-established rule in this circuit, as elsewhere, that a pro se complaint is to be construed liberally in favor of the pro se plaintiff. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972); <u>Haggy v. Solem</u>, 547 F.2d 1363, 1364 (8th Cir. 1977). When these rules are applied to this case, the court must conclude that plaintiff's complaint is sufficient to place defendant on notice that she is potentially liable in her individual capacity.

However, as the magistrate judge correctly notes, the Prison Litigation Reform Act precludes a prisoner from proceeding in forma pauperis where, as here, the applicant has a history of frivolous or abusive filings. Specifically, 28 U.S.C. § 1915(g), commonly referred to as the "three strikes" provision, states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has filed three prior lawsuits against prison officials in federal district court in Kansas. Two were dismissed for failure to state a claim and the third was dismissed for failure to exhaust administrative remedies. (Ramp Aff. Exhs. A, B and C.) There is substantial authority to support the conclusion that for purposes of determining the applicability of Section 1915(g), a dismissal for failure to exhaust administrative remedies is analogous to a dismissal for failure to state a claim. See e.g., Porter v. Fox, 99 F.3d 271, 274 (8th Cir. 1996) (holding that prisoner failed to state a claim upon which relief could be granted when he did not allege he exhausted his administrative remedies); see also Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) ("A

claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted.")

Based on the record of dismissals of plaintiff's prior lawsuits against prison officials, and the lack of evidence to suggest that plaintiff is "under imminent danger of serious physical injury," the court agrees with the magistrate judge that plaintiff is not entitled to proceed on this matter in forma pauperis.

A review of the file indicates that plaintiff's initial application to proceed in forma pauperis was denied. [Docs. Nos. 8, 9]. However, in the same order, plaintiff was instructed to follow a payment plan established by the court pursuant to 28 U.S.C. § 1915(b)(1)-(2). [Id.] To the extent that the establishment of a payment plan conveyed that plaintiff was allowed to proceed in forma pauperis, the court's ruling on plaintiff's application to proceed in forma pauperis is hereby vacated and plaintiff is instructed to pay her entire filing fee within 30 days or her case will be dismissed. See Lyon v. Krol, 127 F.3d 763, 764 (8th Cir. 1997).

Therefore, based on a review of the file, record and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's motion for summary judgment [Doc. No. 12] is denied.

2. The court's order establishing a filing fee payment plan under 28 U.S.C. 1915(b)(1)-(2) [Docs. Nos. 8, 9] is vacated.

3. Plaintiff shall have 30 days from the date of this order to pay her filing fee. If plaintiff fails to pay the entire amount due within 30 days, the Clerk of Court shall dismiss this lawsuit without prejudice.

Dated: July 30, 2001

David S. Doty, Judge
United States District Court